UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Eastern District of Kentucky
FILED
MAY 13 2011
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 10-169-HRW

CHARLES GRAVES, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a partially favorable final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on November 6, 2007, alleging disability beginning on August 22, 2006, due to back and right shoulder and muscle pain,

carpal tunnel syndrome, glaucoma, depression and anxiety (Tr. 125).[1] This application was denied initially and on reconsideration.

On February 19, 2009, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

---

[1] Subsequently, at the hearing, Plaintiff alleged that he was disabled due to back pain, migraines and "nerves" (Tr. 33-34)

2

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 18, 2009, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 33 years old at the time of the hearing decision. He is a high school graduate with past relevant work as a cashier.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability and last met the insured status requirements on December 31, 2006(Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia and depression with anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that prior to November 6, 2007, Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). However, the A:LJ concluded that following that date, Plaintiff's depression satisfied the requirements of Listing 12.04.

The ALJ further found that Plaintiff could perform his past relevant work as a cashier (Tr. 18). The ALJ further found that he has the residual functional

3

capacity ("RFC") to perform a range of light work with certain exceptions as set forth in the hearing decision (Tr. 17-18).

According, the ALJ found that Plaintiff was not disabled prior to November 6, 2007, but became disabled on that date and continued to be disabled through the date of the hearing decision.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 26, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find him disabled prior to November 6, 2007 and (2) the ALJ did not consider the combined effects of his impairments.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not find him disabled prior to November 6, 2007. He contends that he should have been considered disabled as early as September 2006. However, a review of the record reveals that Plaintiff's contention is not consistent with the medical evidence of record.

Plaintiff does not appear to contest the ALJ's assessment of his physical

impairments. Rather, he claims that when he sought treatment for depression in September 2006, his impairment was disabling. At that time, Plaintiff was prescribed individual therapy. However Plaintiff failed to keep his appointments.

As for the cited GAF scores, they are not dispositive of disability. A GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir.2009) (internal quotation marks and citation omitted). A GAF score is thus not dispositive of anything in and of itself, but rather only significant to the extent that it elucidates an individual's underlying mental issues. 65 Fed.Reg. 50746, 50764-65 (2000) ("The GAF scale ... does not have a direct correlation to the severity requirements in our mental disorders listings."). A GAF score may help an ALJ assess mental RFC, but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning.

Plaintiff bears the ultimate burden of proving disability. In this case, he simply has not carried that burden as to the contested time period. The Court finds that substantial evidence supports the ALJ's decision in this regard.

Plaintiff's second claim of error is that the ALJ did not consider the combined effects of his impairments. A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 16). He further noted that Plaintiff had "combined severe impairments (Tr. 16). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___9___ day of May, 2011.

_____
Henry R. Wilhoit, Jr., Senior Judge